UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QaShontae Hosomla Short,

          Plaintiff,        Case No. 25-13692

v.                                Judith E. Levy
                                 United States District Judge

Clint Leo Williams, *et al.*,

                                Mag. Judge Kimberly G. Altman
         Defendants.

_____/

**OPINION AND ORDER GRANTING APPLICATION TO
PROCEED WITHOUT PREPAYING FEES OR COST AND
<u>DISMISSING THE CASE WITHOUT PREJUDICE</u>**

On November 19, 2025, *pro se* Plaintiff QaShontae Hosomla Short filed this action against Clint Leo Williams, Kendra Janee Giles, and Aniyah Lee Giles. (ECF No. 1.) On the same date, Plaintiff filed an "Application to Proceed in District Court without Prepaying Fees or Costs" (*in forma pauperis*). (ECF No. 2). For the reasons set forth below, the Court grants Plaintiff's application to proceed *in forma pauperis* and dismisses this case for failure to state a claim.

## I. Background

The complaint is not clear about the grounds for any cause of action. Plaintiff alleges that "1) illegal electronic devices have been placed in my vehicle to steal contact information, money, etc., identity; 2) invasion of privacy. Listening to pertinent confidential information to steal identity of my son and myself." (ECF No. 1, PageID.5) (citation modified). Plaintiff's pleading efforts end there.

In the relief section, Plaintiff states

> 1) My money has been stolen out of my bank accounts a monthly payment to my bank account; 2) My vehicle has been vandalized both interior and exterior. I'd like a vehicle free and clear Mercedes Benz of my choice, preferably a Lamborghini SUV; 3) My identity has been compromised to have their daughter and themselves charged for the attempted murder of my son Dawann Edward Brundridge, Jr. and the attempted murder of myself as well; 4) I'd like all my money returned back to my bank account that was stolen, spent in Charlotte North Carolina including the 1st month rent and security deposit given to Mr. Antonio Williams and Michelle Stone as well as all car tow fees made.

(*Id.* at PageID.6) (citation modified).

## II. Application to Proceed *In Forma Pauperis*

Federal courts "may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees . . . by a person

2

who submits an affidavit that includes a statement . . . that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). Plaintiff's application indicates that she has only $100 in her bank account and her source of income comes from disability, or worker's compensation payments. (ECF No. 2). Given Plaintiff's limited financial resources, the Court finds that Plaintiff satisfies the requirements under 28 U.S.C. § 1915(a)(1), and her application to proceed without prepayment of fees is granted.

### III. Legal Standard

Because Plaintiff has been given permission to proceed without prepayment of the filing fee, the Court must screen the complaint under § 1915(e)(2)(B) to determine if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) "The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed." *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007)); *Smith v. Bernanke*, 283 Fed. Appx.

356, 357 (6th Cir. Jun. 26, 2008); *see Wadsworth v. United States*, No. 24-13419, 2025 U.S. Dist. LEXIS 20990 (E.D. Mich. Feb. 5, 2025) (dismissing a *pro se* complaint before process was served or plaintiff had opportunity to amend the complaint).

### III. Analysis

#### A. Failure to State a Claim

Plaintiff fails to state a claim because her allegations lack any substantive elaboration. Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3). Rule 8 is intended to give a defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

"[D]etailed factual allegations" are not required under Rule 8's pleading standard, but the standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). The "[f]actual allegations must be enough to raise a right to relief above the speculative

4

level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"[A] *pro se* complaint is to be liberally construed and, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Briggs v. Westcomb*, 801 F. App'x 956, 959 (6th Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This leniency, however, "is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). *Pro se* status does not exempt litigants from meeting basic pleading requirements, nor does it obligate a court to formulate allegations that have not been pleaded. *See Porter v. Genovese*, 676 F. App'x 428, 440 (6th Cir. 2017) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). A complaint that contains only "labels and conclusions"

5

or "a formulaic recitation of the elements of a cause of action" will not survive dismissal under the *Twombly-Iqbal* standard. *See Iqbal*, 556 U.S. at 678.

Plaintiff's complaint contains allegations regarding illegal electronic devices, money stolen, and privacy violations. However, Plaintiff's statement of her claim amounts to less than a formulaic recitation of the elements of a cause of action, but rather vague allegations devoid of any factual connection to Defendants or legal elaboration. Her allegations do not allow the court to draw the reasonable inference that any Defendant is liable for the misconduct alleged. *See Twombly*, 550 U.S. at 556.

Plaintiff does not develop her claims beyond two conclusory sentences. Plaintiff does not mention how each Defendant was involved and what each Defendant did that caused her harm or violated her rights. She does not mention the date, places, or who placed "electronic devices . . . in [her] vehicle" or "listen[ed] to pertinent confidential information." (ECF No. 1, PageID.5.) The Court cannot speculate about which facts support which claims, which Defendants are responsible for which alleged violations, or how the elements of each cause of action are

satisfied. *See Wells*, 891 F.2d at 594. This deficiency makes it impossible for Defendants to respond to the claims against them and violates the basic principle that defendants are entitled to fair notice of the claims they must defend. *See Twombly*, 550 U.S. at 555. It is not the Court's role to imagine various ways Plaintiff might state a claim. Without any elaboration from Plaintiff, the Court is left to guess at the legal and factual basis of her claims—a task that exceeds the boundaries of liberal construction. *See Porter*, 676 F. App'x at 440.

While liberal construction requires the Court to read the complaint generously, it does not authorize the Court to manufacture allegations that Plaintiff has not made or to speculate about legal theories she has not articulated. After all, even with a liberal construction, the plaintiff is still the one responsible for what she chooses to put in her complaint. *See id.* (quoting *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913)). Thus, because Plaintiff provides only vague sentences without any factual or legal development, there is simply nothing for the Court to construe, liberally or otherwise. In sum, Plaintiff's complaint falls below the minimum pleading standards established by *Twombly* and *Iqbal*. Accordingly, the case is dismissed for failure to state a claim.

7

## B. Racketeer Influenced and Corrupt Organizations Act (RICO) Claim

Plaintiff states in the civil cover sheet that the cause of action is "RICO ESPIONAGE PREMEDITATION." (ECF No. 1, PageID.8.) Even if the Court were to incorporate this allegation into the complaint and construe her claim as a RICO civil action, she still fails to state a claim. "To state a RICO claim, a plaintiff must plead the following elements: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Rymer v. LeMaster*, No. 18-5655, 2019 U.S. App. LEXIS 1295, at *10-11 (6th Cir. Jan. 14, 2019) (quoting *Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 791 (6th Cir. 2012)).

Plaintiff's only two sentences do not contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face'" under the RICO statute. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570. Plaintiff fails to allege facts to support the conduct of an enterprise though a pattern of racketeering activity. She only mentions that "electronic devices have been placed in [her] vehicle to steal contact information money, etc. identity" and "listening to pertinent confidential information to steal identity of my son and myself." (ECF No. 1, PageID.5.) The Court cannot discern what provision of RICO Plaintiff

8

alleges Defendants have violated. Moreover, Plaintiff fails to allege a pattern of racketeering activity, an enterprise, or fraud with sufficient particularity. Fed. R. Civ. P 9(b). As a result, even if the Court construes Plaintiff's allegations as a RICO claim, it must be dismissed for failure to state a claim.

## IV. Conclusion

For the reasons set forth above, the case is DISMISSED WITHOUT PREJUDICE under § 1915(e)(2)(B). Any Appeal of this Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

IT IS SO ORDERED.

Dated: January 9, 2026             s/Judith E. Levy
Ann Arbor, Michigan            JUDITH E. LEVY
                                              United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 9, 2026.

                                                     s/William Barkholz
                                                     WILLIAM BARKHOLZ
                                                     Case Manager